**STATE OF IOWA, ex rel. IOWA COLLEGE AID COMMISSION; Robert E. Phipps; Richard H. Blacker; John V. Hartung; William L. Lepley; Michelle Moore; R. Wayne Richey; Ray Taylor; Marilyn R. Tucker, Appellants,**

v.

**Lauro F. CAVAZOS, Secretary of U.S. Department of Education; United States Department of Education, Appellees.**

No. 91–1423.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1991.

Decided Dec. 5, 1991.

Scott Galenbeck, Asst. Atty. Gen., Des Moines, Iowa, argued for appellants.

Neil Koslowe, Dept. of Justice, Washington, D.C., argued, for appellees.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and ROSS, Senior Circuit Judge.

PER CURIAM.

The Iowa College Aid Commission (College Aid) is a state agency that administers and guarantees student loans. College Aid brought suit alleging that the Secretary of Education had improperly demanded the return of College Aid's cash reserves in excess of two percent of guaranteed loans outstanding pursuant to 20 U.S.C. § 1072(e).[1]

The district court[2] determined that section 1072(e)(2) required the Secretary to eliminate cash reserves held by state student loan agencies in excess of the "maximum cash reserves" permitted by section 1072(e)(1)(E), which provided that a student loan agency could not "accumulate cash reserves in excess of * * * the amount required to comply with the reserve requirements of a state law as in effect on October 17, 1986." Iowa law, in turn, directed the state Department of Management to determine the "actuarially sound reserve requirement for the amount of guaranteed loans outstanding." Iowa Code § 261.38(1) (1985). The Department of Management determined in September of 1986 that "the minimum actuarially sound reserve requirement for the Iowa Guaranteed Student Loan requirement should be two percent of guaranteed loans outstanding." *State of Iowa v. Cavazos,* No. 88–142–B (S.D.Iowa, December 27, 1990) (Memorandum Opinion, Ruling and Order).

College Aid argues on appeal that the district court improperly interpreted section 1072(e) and failed to properly determine Iowa's minimum reserve requirement.

The district court carefully and properly analyzed the applicable law and corresponding facts. Accordingly, we affirm for the reasons set forth in the district court's opinion.[3] *See* 8th Cir.R. 47B.

---

1. Subsection (e) was repealed effective September 30, 1989.

2. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

3. We have considered and find to be without merit College Aid's argument that the district court misapplied its Local Rule 14(h) and improperly rejected College Aid's attempted resistance to the Secretary's motion for summary judgment.